[No. 20582.  Department Two.  March 19, 1928.]

HENRY HANSON *et al., Appellants,* v. OSTRANDER RAIL-
WAY & TIMBER COMPANY *et al., Respondents.*[1]

[1] ELECTION OF REMEDIES (1-1)—INCONSISTENCY OF ALTERNATIVE
REMEDIES. A complaint for the recovery of damages to a house
boat and for the recovery of the value of the houseboat and its
contents is subject to the rule requiring an election between
inconsistent remedies.

[2] TROVER AND CONVERSION (11)—EVIDENCE—ACTS CONSTITUTING.
Where property is taken into possession with the consent of
the owner, such possession is not wrongful until demand, and
a refusal, for its return.

Appeal from a judgment of the superior court for
Cowlitz county, Reynolds, J., entered January 12, 1927,
dismissing an action for conversion, after a trial to
the court. Affirmed.

*W. H. Sibbald,* for appellants.

*Fisk & McCarthy,* for respondents.

MACKINTOSH, C. J.—The amended complaint in this
cause sought to recover damages to a house boat owned
by the appellants, and injured through the alleged neg-
ligence of the respondents. It also sought to recover
the full value of the house boat, under an allegation
that the respondents had taken it into their possession
and that no portion of the boat or its contents had been
returned to the appellants. Upon the trial the court
compelled the appellants to elect which cause of action
they would proceed in, and having chosen to proceed
upon the theory of conversion, a nonsuit was granted
at the close of the appellants' testimony.

[1] On this appeal, the first point raised by the ap-
pellants is that the court was in error in compelling
them to elect. As already indicated, the complaint

[1]Reported in 265 Pac. 159.

stated two causes of action, and the appellants having interpreted one of these causes of action as being one for conversion, there was no error in compelling the election.

[2] The second point made by the appellants is that the court erred in dismissing the action for failure of proof. A review of the testimony confirms the opinion held by the trial court that there was no evidence from which a jury would be entitled to find as a fact that any of the acts done by the respondents amounted to a conversion of the appellants' property. From the evidence, it is very doubtful whether the appellants produced any testimony showing that they were the owners of the property alleged to have been converted. But aside from this, the testimony clearly shows that the respondents did not take the property into their possession against the consent of the appellants, and the possession having been rightful at its beginning could not become wrongful until a demand for its return had been made and refused.

Finding no error in the conduct of this trial or in the result arrived at by the trial court, the judgment is affirmed.

FULLERTON, MAIN, ASKREN, and HOLCOMB, JJ., concur.