[No. 27323. Department One. August 7, 1939.]

SWAN PERSSON, *Appellant,* v. McKAY COAL COMPANY, *Respondent.*[1]

[1]Reported in 92 P. (2d) 1108.

*W. C. Hinman,* for appellant.
*John Kelleher,* for respondent.

ROBINSON, J.—Upon the hearing of this appeal, the respondent moved to strike the appellant's statement of facts, upon the ground that "it is made up of nothing more than a rambling assertion of legal conclusions and conjectures." To some extent, the statement is subject to criticism as to form, but, as it is duly and regularly certified, and contains a clear and definite statement of that portion of the evidence upon which the case turns, the motion will be denied.

The plaintiff sought a judgment for fifteen thousand dollars, on various allegations sounding in both tort and contract, but, by the time the case went to the jury, the trial judge had pared it down to an action for the conversion of a donkey engine, valued at one hundred fifty dollars, some iron pipe, valued at one hundred dollars, a wooden water tank, valued at twenty-five dollars, and a mine car, worth twenty-five dollars; in all, three hundred dollars; and that was the amount for which the jury returned a verdict.

The sole assignment of error is that the court subsequently granted the defendant, McKay Coal Company, judgment notwithstanding the verdict.

On December 12, 1932, McKay Coal Company leased to appellant, Persson, a tract of coal land. A royalty of thirty-five cents per ton was to be paid on all coal mined and sold. Persson put some personal property on the land and started to mine coal. His report to the Federal department of commerce shows that he mined and sold 129 tons in 1933. He, however, paid no royalties. In November, 1933, with the coal company's consent, Persson sublet to LaFreniere and Raynes. They quit in February, 1934. In June, 1934, again with lessor's consent, Persson assigned the lease and sold the personal property to Baciu. Baciu did

not work the mine. In September, 1934, he offered to sell the personal property to the coal company for one hundred dollars. They did not want it, but allowed it to remain on the land as his property. In January, 1935, Baciu turned the property back to Persson, but there is evidence on behalf of the coal company that it was not informed of this, and there is no evidence to the contrary.

On April 24th, Persson went to the property and found Hutchinson, the treasurer and general manager of the coal company, there. Persson testified, speaking of Hutchinson:

"He told me I was trespassing on the property and if I appeared there again he would have me arrested and he would attach any property I might have for the royalties."

It was contended that these words, spoken under the circumstances shown, constituted a conversion.

Upon consideration of the matter after verdict, the trial court concluded that there was no evidence of conversion, and rightly. There is no evidence that the coal company did anything in connection with the property; none that it claimed any kind of dominion over it. The property was merely on its land, having been brought or left there by the appellant himself. The coal company's possession, if it can be called possession, was entirely lawful, and could not have become wrongful until a demand for it had been made and refused, *Hanson v. Ostrander R. & Timber Co.,* 147 Wash. 104, 265 Pac. 159; that is, unless the circumstances showed that a demand would have been futile. *Lockit Cap Co. v. Globe Mfg. Co.,* 158 Wash. 183, 290 Pac. 813. There is no evidence to indicate that.

The judgment appealed from is affirmed.

Blake, C. J., Steinert, Main, and Jeffers, JJ., concur.